CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 30 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERRY A. GARLAND, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06-cv-00620 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN TRACY RAY, et. al., | ) | By: Hon. James C. Turk |
| Defendant(s). | ) | Senior United States District Judge |

Plaintiff Garland, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Garland alleges that prison officials at Augusta Correctional Center ("Augusta") violated his constitutional rights by housing him with an inmate who smoked, although they knew that Garland was not a smoker. The court conditionally filed the complaint and advised plaintiff that he should amend to particularize his claims. He has done so. Upon review of the complaint as amended, however, the court concludes that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) as legally frivolous.[1]

I.

Garland alleges the following sequence of events from which his claims arise. He arrived at Augusta on February 10, 2004. Immediately, he requested placement in a non-smoking cell block. Officials advised him that no beds were available in the non-smoking pods at that time, but that he would be moved to a non-smoking cell as soon as one became available. On April 9, 2004, Garland was forced to move into a cell with a smoker. Although he advised officers of his health problems

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

that were exacerbated by exposure to second-hand smoke, they did not immediately reassign him to a non-smoking cell. Due to a long list of other inmates already on the waiting list, it was four months from the time of his February 10, 2004 request for a non-smoking cell assignment before Garland was moved to a non-smoking cell.[2]

While housed in a smoking unit, Garland allegedly suffered serious headaches, chest pains, burning of the eyes, sore throat from swollen glands, breathing problems, nausea, and light-headedness as a result of exposure to second-hand smoke. The prison doctor noted in his medical records that Garland should be housed in a non-smoking cell; the doctor also referred to similar notes in Garland's medical records from October 2000 regarding adverse health effects caused by exposure to second-hand smoke.

II.

No federal statute of limitations applies in § 1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Accordingly, §1983 actions are governed by the state statute of limitations applicable for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(a). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. Id.

The time of accrual of a cause of action under § 1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). In Nasim, the United

---

[2]Although Garland alleges that he spent four months in a smoking unit, the documentation he submitted includes a grievance response indicating that he was transferred to a non-smoking unit at Augusta on April 20, 2004.

2

States Court of Appeals for the Fourth Circuit held that a cause of action under §1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. An inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Lewis v. Richmond City Police Depot, 947 F.2d 733 (4th Cir. 1991). In Virginia § 1983 cases, then, if an inmate has not delivered his complaint to prison officials for mailing within the two-year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

Tolling of a statute of limitations for equitable reasons, or "equitable tolling," is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc) (citing Harris v. Hutcherson, 209 F.3d 325, 330 (4th Cir. 2000)). Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998). Petitioner's lack of legal expertise or legal resources is not an excuse for delay sufficient to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512-13 (4th Cir. 2004). Moreover, "federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." Id. at 513 (citing Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir.1998) (finding equitable tolling based on mental condition to be appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence").

3

III.

After review of plaintiff's detailed factual contentions, it is the opinion of the court that plaintiff is barred under the statute of limitations from bringing suit under § 1983 against these defendants. According to Garland's allegations, he was moved to a non-smoking cell four months after his initial request on February 10, 2004. By mid-June 2004, at the latest, Garland knew the facts necessary to bring his current claims that he was harmed by lengthy exposure to second-hand smoke. Thus, by that date, his § 1983 claims had accrued for purposes of the statute of limitations. Garland dates his § 1983 complaint on July 26, 2006, more than two years after Garland's claims accrued.[3]

The court granted Garland an opportunity to demonstrate that his complaint was filed within the two-year statutory period or to offer reasons for his failure to submit the complaint earlier. None of the reasons he offers provides sufficient ground on which to invoke equitable tolling. First, Garland alleges that he decided to sue only after officers continued to ignore his requests for a non-smoking environment. He does not, however, amend his complaint to include any other instances when he was exposed to second-hand smoke after June 2004. Moreover, subsequent events do not excuse his failure to bring a timely action regarding the alleged violations between April and June 2004.

Second, Garland alleges that he was waiting for case law and scientific information to support his belief that exposure to second-hand smoke was dangerous. This excuse fails, inasmuch as the Supreme Court in 1993 recognized the potential danger of housing inmates in smoking cells,

---

[3]The postmark on the envelope indicates that the complaint was not mailed to the court until October 16, 2006; the court received the complaint on October 18, 2006.

4

years before Garland's problems at Augusta. See Helling v. McKinney, 509 U.S. 25, 35 (1993).

Third, Garland argues that he had no idea how to file a civil action and had very little knowledge about legal matters. Under the cited Fourth Circuit precedent, this lack of legal expertise is insufficient to warrant equitable tolling.

Fourth, Garland explains that he had suffered deaths of close family members, including the grandmother who raised him. He alleges that these events caused him to be depressed and "unable to focus or function as a human being." While the court sympathizes with Garland's emotional pain over losing his loved ones, the court cannot find that his allegations of depression qualify as "profound mental incapacity" so as to warrant equitable tolling. He does not demonstrate that his depression continued from June 2004 until June 2006 or any lengthy period of time within those years. He also does not allege that he was ever found to be mentally incompetent or institutionalized for mental health reasons. Moreover, the record contradicts his allegations that he was unable to function, as he demonstrates through his documentation that he was fully capable of filing complaints and appeals through the prison grievance procedures in June 2004. Finding no indication that equitable tolling is warranted in this case, the court concludes that the complaint is untimely under the applicable statute of limitations because Garland did not file the complaint until more than two years after his claims accrued.

As the court has determined that the statute of limitations unquestionably provides an affirmative defense to this civil action, the court may summarily dismiss the complaint as frivolous, pursuant to §1915A(b)(1). See Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983) (finding under former version of §1915 that court may summarily dismiss based on affirmative defense). Plaintiff's factual contentions clearly are clearly no longer actionable under § 1983 and must be dismissed,

5

pursuant to §1915A(b)(1), as legally frivolous. An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of November, 2006.

/s/ James C. Turk
Senior United States District Judge